UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| FRED KISSLING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:10-265-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| OHIO CASUALTY INSURANCE | ) | **MEMORANDUM OPINION AND ORDER** |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint which was originally filed in Fayette Circuit Court [DE 1]. In that Complaint, Plaintiff avers that Defendant wrongfully failed to promptly settle his claim for insurance under a policy and that, pursuant to KRS 304.12-235, he "is entitled to payment of interest calculated at the rate of 12% annually starting on the 31st day after he furnished Ohio Casualty with notice and proof of claim until [his] claim was paid." He further avers that he is entitled to punitive damages and attorney's fees for defendant's allegedly "intentional disregard of his rights and its gross negligence in failing to comply with KRS 304.12-235 and KRS 305.12-010." *Id.* Plaintiff does not specify an amount of damages sought or otherwise indicate that the relief that he seeks is in excess of $75,000.

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or

less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendant must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (defendant offered "mere averments," not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In the case at bar, Plaintiff's property damage claim was valued at $12,867.35, the final amount of payment made by Defendant on Plaintiff's claim. 12% of this amount, calculated on a per annum basis for the period from February 2009 to the present, is a far cry from meeting or exceeding the $75,000 jurisdictional amount required under 28 U.S.C. § 1332(a). Indeed, Defendant's Notice of Removal is premised only on the

averment that "Plaintiff will not stipulate in writing that the amount in controversy is less than $75,000.00, exclusive of costs and interests."  This does not provide a sufficient foundation for this Court to exercise diversity jurisdiction.  Unless Defendants can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Fayette Circuit Court.[1]

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendant shall **SHOW CAUSE** on or before **August 11, 2010** why this matter should not be remanded to Fayette Circuit Court.

This the 4th day of August, 2010.



**Signed By:**
*Joseph M. Hood*
**United States Senior Judge**

---

[1] The Court doubts that Defendant will be able to do so, particularly considering that in an earlier dismissed action before this Court, 5:10-cv-22-JMH, Plaintiff Kissling valued his claim for interest pursuant to KRS 304.12-235 at approximately $1,000.